UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JULIA SONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| PRICEWATERHOUSECOOPERS, LLP | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Julia Song ("Song" or "Plaintiff"), by counsel, brings this action against Defendant, PricewaterhouseCoopers, LLP ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e et. seq., and the Kentucky Civil Rights Act ("KCRA").

### II. PARTIES

2. Song is a resident of Hardin County, Kentucky, who, at all times relevant to this action, resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant routinely conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. §2000e-5(f)(3)

5.	Jurisdiction is conferred on Song's state law claims pursuant to 28 U.S.C.§1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6.	Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and KRS 344.030(2).

7.	Song was an "employee," as that term is defined by 42 U.S.C. §2000e(f) and 42 U.S.C. §2000e(f).

8.	Song satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge No. 474-2023-01274) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her national origin and race. Song received the required Notice of her Right to Sue on October 19, 2023, and timely files this action.

9.	A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10.	Song is a Brazilian individual who immigrated to the United States in or around 2014.

11.	Song began working for Defendant on or around February 14, 2022, as a remote Experienced Associate in the Financial Crimes Unit.

12. At all relevant times, Song met or exceeded Defendant's legitimate performance expectations. Specifically, Song received positive reviews from all five (5) supervisors within her first year of employment.

13. On or around December 13, 2022, Song was notified she was being assigned to a project ("DB project"); however, it was not until on or around April 13, 2023, that Song gained full access to all necessary systems to perform her job. Song made multiple requests during this time period for full access but was consistently denied by Senior Manager Danielle Curry ("Curry"), a non-Brazilian, non-Hispanic individual. Curry told Song she did not have enough billable hours to gain access.

14. On or around April 29, 2023, Song received a negative review from Curry. At this point, Song had full access to the DB Project for less than two weeks. During her review, Curry told Song that she was a diversity hire and made Song feel that she had no path to growth or promotion with Defendant but was intended to just be a favorable statistic. Further, Curry noted that Song lacked sufficient business knowledge when, in fact, Song had more experience than Curry. Curry's review significantly impacted Song's ability to be considered for raises and promotions.

15. Curry's criticism of Song's diversity in her performance review was not an isolated incident. Curry has made several discriminatory comments to Song and her team, which largely consists of immigrants and individuals of color, including but not limited to the following:

(a) During a group call, Curry referred to Song as "these people."

(b) When Song's team voiced frustrations over Curry's hostility and disparate treatment, Curry indicated that Song's team was lazy.

16. On or around May 22, 2023, Song was inexplicably released from the DB project. Without this project, Song could not bill hours to be considered for other projects. Song's performance cannot be accurately measured without being assigned projects.

17. Despite having the necessary certifications and experience, Song is continuously being passed over for projects and leadership roles. This has resulted in a vicious cycle where she is unable to accumulate enough billable hours to demonstrate her abilities, and as a consequence, she remains stagnant in her current position as an Associate 2 with no pay raise. Instead, these projects and leadership roles are believed to be assigned to white, non-Brazilian, non-Hispanic individuals.

## V. CAUSES OF ACTION

### COUNT I: Title VII of the Civil Rights Act & KCRA- National Origin Discrimination

18. Song hereby incorporates paragraphs one (1) through seventeen (17) of her Complaint as if the same were set forth at length herein.

19. Song was born in and immigrated from Brazil.

20. Defendant has discriminated against and subjected Song to disparate treatment due to her national origin.

21. Defendant's unlawful actions were intentional, willful, and in reckless disregard of Song's rights as protected by Title VII and the KCRA.

22. Song suffered and continues suffering damages as a result of Defendant's unlawful actions.

**COUNT II: Title VII of the Civil Rights Act & KCRA- Race Discrimination**

23.     Song hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24.     Song is a Hispanic individual.

25.     Defendant has discriminated against and subjected Song to disparate treatment due to her race.

26.     Defendant's actions were intentional, willful, and in reckless disregard of Song's rights as protected by Title VII and the KCRA.

27.     Song suffered and continues suffering damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Julia Song, respectfully requests that this court enter judgment in her favor and award her the following relief:

1.     Reinstate Song's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions and/or payment to Song of front pay in lieu thereof;

2.     Award all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Award Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.     Award compensatory damages for violations of Title VII and the KCRA;

5.     Award punitive damages for violations of Title VII;

6.     Award all costs and attorney's fees incurred as a result of bringing this action;

7. Award pre-and post-judgment interest on all sums recoverable; and

8. Award all other legal and/or equitable relief this Court sees fit to grant.

        Respectfully submitted,

        BIESECKER DUTKANYCH & MACER, LLC
        By: */s/ Andrew Dutkanych*
        Andrew Dutkanych
        144 North Delaware Street
        Indianapolis, IN 46204
        Telephone: (317) 991 - 4765
        Email: ad@bdlegal.com
        *Counsel for Plaintiff, Julia Song*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Julia Song, by counsel, requests a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        BIESECKER DUTKANYCH & MACER, LLC
        By: */s/ Andrew Dutkanych*
        Andrew Dutkanych
        144 North Delaware Street
        Indianapolis, IN 46204
        Telephone: (317) 991 - 4765
        Email: ad@bdlegal.com
        *Counsel for Plaintiff, Julia Song*